**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re:

RYAN AND JANE LTD.,

                      Debtor.

------------------------------------------------------------x
ARLENE GORDON-OLIVER, as Chapter 7
Trustee of the Estate of Ryan and Jane Ltd.,

                      Plaintiff,

         v.

WIESNER PRODUCTS INC., CRAIG
GOLDBERG and ERIC BRESLOW,

                      Defendants.
------------------------------------------------------------x

Chapter 7

Case No. 13-23243 (RDD)

Adv. Proc. No. 14-08253 (SHL)

**MEMORANDUM DECISION AND ORDER GRANTING IN PART
AND DENYING IN PART MOTION TO ENFORCE ORDER APPROVING
SETTLEMENT AGREEMENT AND TO ENJOIN FURTHER LITIGATION**

**A P P E A R A N C E S :**

**RUTA SOULIOS & STRATIS LLP**
*Counsel to Eric Breslow and Craig Goldberg*
370 Lexington Avenue, 24th Floor
New York, New York 10017
  By:  Steven A. Soulios, Esq.

**PAUL A. RACHMUTH, ESQ.**
*Counsel to Faisal Samad, Savar Textiles Ltd.,
  and Supasox Ltd.*
265 Sunrise Highway, Suite 62
Rockville Centre, New York 11570

**PICK & ZABICKI LLP**
*Counsel to Arlene Gordon-Oliver, Chapter 7 Trustee of the
  Estate of Ryan and Jane Ltd.*
369 Lexington Avenue, 12th Floor
New York, New York 10017
  By:  Douglas J. Pick, Esq.
       Eric C. Zabicki, Esq.

**SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the motion (the "Motion") [ECF No. 29][1] of Craig Goldberg and Eric Breslow, two former principals of the above-captioned Debtor (together, the "Movants" or the "Debtor's Principals"). The Motion seeks to enforce the Movants' settlement with Arlene Gordon-Oliver, the Chapter 7 trustee appointed in the Debtor's bankruptcy proceeding (the "Trustee"), and the related release of claims (the "Settlement Agreement"). Based on the Court's approval of the Settlement Agreement, the Movants seek to enjoin the continuation of litigation that was filed against them prior to the Debtor's bankruptcy filing. The Motion is opposed by the parties who filed that litigation. *See* Objections by Creditors Faisal Samad, Savar Textiles Ltd. and Supasox Ltd. (the "Objection") [ECF No. 35]. For the reasons stated below, the Motion is granted in part and denied in part.

## BACKGROUND

Prior to the petition date, Eric Breslow, Craig Goldberg and Faisal Samad were shareholders of the Debtor. Specifically, Breslow and Goldberg each owned 42.5% of the Debtor and Samad owned 15% of the Debtor. *See* Debtor's Form K1s, attached as Ex. C to the Motion [ECF No. 29-4].

In July 2012, Samad, Savar Textiles Ltd., and Supasox Ltd. (collectively, the "Pre-Petition Plaintiffs") commenced an action in the United States District Court for the Southern District of New York (the "Pre-Petition Action") against the Debtor, the Debtor's Principals, and Wiesner Products Inc., among others. *See* Complaint in the Pre-Petition Action, attached as Ex. B to the Motion (the "Pre-Petition Complaint") [ECF No. 29-3]. Samad and his family were principals

---

[1] Unless otherwise specified, all references to the Case Management/Electronic Case Filing ("ECF") docket are to Adv. Proceeding No. 14-08253.

2

and owners of Savar Textiles Ltd. and Supasox Ltd. *See* Pre-Petition Compl. ¶ 14. The Pre-Petition Plaintiffs collectively supplied apparel accessories to the Debtor, which failed to pay for all the merchandise that was supplied. *See id.* at ¶¶ 22-72. Notwithstanding the lack of payment to the Pre-Petition Plaintiffs, the Debtor's Principals sold the assets of the Debtor to Wiesner Products, Inc. ("Wiesner"), including the merchandise of the Pre-Petition Plaintiffs. *See id.* ¶¶ 73-78.

The Pre-Petition Action sought to avoid the sale to Wiesner as an alleged fraudulent transfer pursuant to Sections 273, 274 and 276 of the New York Debtor & Creditor Law ("N.Y. Debt. & Cred. Law"). *See id.* ¶¶ 132-169 (Counts 7-12). The Pre-Petition Plaintiffs also sought to pierce the corporate veil, and to recover damages for alter ego liability and breaches of fiduciary duty against, among the other defendants, the Debtor's Principals. *See id.* ¶¶ 89-93, 105-115, 119-131 (Counts 1, 3, 4 and 6).

Roughly a year after the filing of the Pre-Petition Action, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code. The Trustee subsequently commenced the above-captioned adversary proceeding against Wiesner, seeking, *inter alia*, to avoid the transfer of the Debtor's property to Wiesner pursuant to Sections 544, 550 and 551 of the Bankruptcy Code, and Sections 273, 274, 275, 276 and 276-a of the N.Y. Debt. & Cred. Law (the "Trustee Action"). *See* Compl. [ECF No. 1]. The Trustee Action was thereafter amended to include the Debtor's Principals as defendants. *See* First Am. Compl. [ECF No. 5].

After the filing of the Trustee Action, the Pre-Petition Plaintiffs sought to lift the automatic stay in the Debtor's bankruptcy case to pursue the Pre-Petition Action, but that motion was denied. *See* Order Denying Motion for Relief from the Automatic Stay, attached as Ex. I to

3

the Motion [ECF No. 29-10]. At the hearing on that motion, Judge Drain[2] expressed the following concern:

> the issue I have with this is that the litigation by and large, that you want -- your clients want to pursue, appears to me to be property of the estate, which the Trustee clearly hasn't abandoned and is actually actively pursuing.

*See* Hr'g Tr. 2:23-3:3, Sept. 23, 2015, attached as Ex. H to the Motion [ECF No. 29-9]. Judge Drain went on to say: "I'm going to cut this short. I want you to make an S.T.N. [m]otion, not a [l]ift-[s]tay [m]otion and serve it on [the Trustee's counsel] and schedule a hearing." *See id.* at 9:25-10:3. But the Pre-Petition Plaintiffs never made an S.T.N. motion, which is a vehicle for a party to seek standing to pursue claims that would otherwise be pursued by the trustee. *See, e.g., Official Comm. of Equity Sec. Holders v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, 371 B.R. 660, 666 (S.D.N.Y. 2007), *aff'd*, 544 F.3d 420 (2d Cir. 2008) (noting that under the S.T.N. standard, a creditors' committee or other party may seek standing to sue where the trustee or debtor-in-possession has unjustifiably failed to bring suit or abused its discretion in not suing to avoid a preferential transfer).

More than a year later, the Trustee sought Court approval to settle the Trustee Action. On December 15, 2015, this Court entered an order approving a stipulation of settlement between the Trustee and the Debtor's Principals. *See* Stipulation of Settlement and Release of Claims against Defendants Craig Goldberg and Eric Breslow (the "Settlement Agreement") [ECF No. 28]. The Settlement Agreement states that:

> [t]he Trustee and the Debtor's estate . . . shall be deemed to have released and discharged the Defendants . . . from any and all actions, causes of action, claims, suits . . . arising prior to the execution of this Stipulation, including but not limited to claims for breach of fiduciary duty, piercing the corporate veil, alter ego, fraudulent conveyance, conversion, unjust enrichment, fraud and claims arising under the New York Business Corporation Law and/or the New York Debtor and Creditor Law.

---

[2]   The Debtor's main bankruptcy case is before the Hon. Robert Drain of this Court.

4

*Id.* ¶ 7. The Pre-Petition Plaintiffs did not object to the Settlement Agreement and did not appeal this Court's Order approving the Settlement Agreement.

## DISCUSSION

"Upon the commencement of a bankruptcy case, the trustee succeeds to a debtor's rights, including the ability to sue and be sued." *Grubin v. Rattet (In re Food Mgmt. Grp., LLC)*, 380 B.R. 677, 693 (Bankr. S.D.N.Y. 2008). The trustee takes on the "role as legal representative of the bankruptcy estate." *See Smart World Techs., LLC v. Juno Online Servs., Inc. (In re Smart World Techs., LLC)*, 423 F.3d 166, 174 (2d Cir. 2005). Under the Bankruptcy Code, a trustee is permitted "to assert claims which belong to the debtor, or under his 'strong arm' or avoiding powers, belong to the debtor's creditors under state law." *Keene Corp. v. Coleman (In re Keene Corp.)*, 164 B.R. 844, 851 (Bankr. S.D.N.Y. 1994). "The Bankruptcy Code authorizes the trustee to prosecute such claims for the benefit of all creditors, and necessarily deprives individual creditors of standing to pursue the same claims for their sole benefit." *Id.*

But a trustee does not seize control over a cause of action that belongs solely to a debtor's creditors or shareholders. *See In re Food Mgmt. Grp.*, 380 B.R. at 692 (quoting *In re Betty Owens Schs., Inc.*, 1997 WL 188127, at *2 (S.D.N.Y. Apr. 17, 1997)). Instead, the trustee's causes of action are limited to those that the "'bankrupt corporation could have instituted' if it had not filed for bankruptcy protection." *In re Food Mgmt. Grp.*, 380 B.R. at 691 (quoting *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 118 (2d Cir. 1991)); *see also McHale v. Alvarez (In re The 1031 Tax Grp., LLC)*, 397 B.R. 670, 679 (Bankr. S.D.N.Y. 2008) ("The trustee stands in the shoes of the debtor, and may bring any suit that the debtor could have brought before bankruptcy.") (citing *Goldin v. Primavera Familienstiftung Tag Assocs. (In re Granite Partners, L.P.)*, 194 B.R. 318, 323-24 (Bankr. S.D.N.Y. 1996)).

In addressing a trustee's standing to sue, courts examine whether a cause of action "belonged" to the debtor at the commencement of the bankruptcy case. *See, e.g., In re Cabrini Med. Ctr.*, 2012 WL 2254386, at *6 (Bankr. S.D.N.Y. June 15, 2012) ("If a cause of action 'belongs' to the debtor at the commencement of the case, it is property of the debtor's estate, and the trustee has authority to pursue it.") (quoting *In re Ozark Rest. Equip. Co.,* 816 F.2d 1222, 1225 (8th Cir. 1987)). If a cause of action "belongs" to the debtor when the bankruptcy commenced, the trustee has exclusive standing to assert it; if a cause of action "belongs" solely to creditors, then the trustee has no standing to assert it. *See In re The 1031 Tax Grp.*, 397 B.R. at 679 (citing *In re Granite Partners*, 194 B.R. at 324-25).

The Second Circuit has declared that "'[i]f a claim is a general one, with no particularized injury arising from it, and if that claim could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim, and the creditors are bound by the outcome of the trustee's action.'" *Fox v. Picard (In re Madoff)*, 848 F. Supp. 2d 469, 479 (S.D.N.Y. 2012) (quoting *St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc.*, 884 F.2d 688, 701 (2d Cir. 1989)). Courts "look to the underlying wrongs as pleaded in the complaint and whether the plaintiff alleges a particularized injury" to determine whether a debtor's estate has standing to bring a claim. *Shafferman v. Queens Borough Pub. Library (In re JMK Constr. Grp., Ltd.)*, 502 B.R. 396, 404 (Bankr. S.D.N.Y. 2013) (quoting *In re The 1031 Tax Grp.*, 397 B.R. at 679).

Claims involving virtually identical factual allegations arising out of the same conduct by the defendants, where there are "no additional allegations of acts . . . directed toward [plaintiffs] specifically, or any duty owed specifically to the [plaintiffs] by the [ ] defendants," are considered "general." *In re Madoff*, 848 F. Supp. 2d at 479. On the other hand, "[a] cause of action is considered 'personal' if there is injury to only one or a select group of specific creditors, and other creditors have no interest in the action." *In re Cabrini Med. Ctr.*, 2012 WL 2254386,

at *7 (citing *Koch Refining v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339, 1348-49 (7th Cir. 1987)).

To decide whether an injury was general to a corporation or personal to its creditors, best practices suggest that a court may consider multiple factors, including:

> to whom any allegedly breached duty was owed; what was the injury underlying the claims; who suffered the injury; who would gain from the recovery, or lose out if the recovery were awarded to a different successful plaintiff; and, to the extent different from any of the foregoing, whether *any* creditor of the debtor could assert the claim . . . or just those creditors suffering a particularized injury.

*Buchwald v. The Renco Grp., Inc. (In re Magnesium Corp. of Am.)*, 399 B.R. 722, 758 (Bankr. S.D.N.Y. 2009).

As the "legal representative of the bankruptcy estate," *see In re Smart World Techs.*, 423 F.3d at 174, the trustee "'has the legal obligation to pursue [the estate's] claims or to settle them, based upon the best interests of the estate.'" *See In re Dewey & Leboeuf LLP*, 2012 WL 5985445, at *7 (Bankr. S.D.N.Y. Nov. 29, 2012) (quoting *In re Smart World Techs.*, 423 F.3d at 175). The trustee is therefore "vested with the power to settle" the actions it has standing to bring. *Police & Fire Ret. Sys. of Detroit v. Ambac Fin. Grp., Inc. (In re Ambac Fin. Grp., Inc.)*, 2011 WL 6844533, at *2 (S.D.N.Y. Dec. 29, 2011) (citing *In re Smart World Techs.*, 423 F.3d at 175).

Applying all these principles to the current dispute, the Court concludes that the Trustee's settlement with the Debtor's Principals—and the Court's approval of that settlement—bars the vast majority of the Pre-Petition Plaintiffs' claims against the Debtor's Principals. Simply put, the majority of the Pre-Petition Complaint seeks to recover on essentially the same claims that rightfully belonged to the Trustee to pursue and ultimately settle.

It is well-settled that the Trustee has the authority to bring a claim for fraudulent

7

conveyance on behalf of the estate. *See M.Y.G. Tex Ltd. v. Tie Cargo Corp.*, 1997 WL 777372, at *3 (S.D.N.Y. Dec. 17, 1997) (stating that "[i]f this action were not stayed, plaintiff would be given greater priority to the allegedly hidden assets of Tie Cargo than any other creditor, and it is for this precise reasons that fraudulent conveyance claims are held to be the property of the bankruptcy trustee alone" and concluding that plaintiff "has stated a claim for fraudulent conveyance which is part of Tie Cargo's bankruptcy estate. No matter how [plaintiff] attempts to frame its actions . . . it cannot disguise the fact that it is attempting to push its way to the front of the line of creditors . . . .") (internal citations omitted); *In re Keene Corp.*, 164 B.R. at 852. The trustee also has standing under New York law "to assert claims based upon piercing the corporate veil or alter ego liability, and creditors are precluded from pursuing those claims until they have been abandoned." *In re Keene Corp.*, 164 B.R. at 852 (citing *Gosconcert v. Hillyer,* 158 B.R. 24, 28 (S.D.N.Y. 1993); *Green v. Bate Records, Inc. (In re Tenth Ave. Record Distribs., Inc.*), 97 B.R. 163, 166 (S.D.N.Y. 1989); *Goldhaber v. Tri–Equities, Inc. (In re Harry C. Partridge Jr. & Sons, Inc.*), 112 B.R. 593, 596 (Bankr. S.D.N.Y. 1990)). In such instances, "the creditor's claim is general and indirect, the creditor's claim against the debtor is the *sine qua non* for asserting a remedy against the alter ego and the successful invocation of the remedy will increase the assets available for distribution to all creditors." *In re Keene Corp.*, 164 B.R. at 852. The trustee has similar authority to assert claims of breach of fiduciary duty against officers and directors of a debtor. *See id.* at 853; *see also Green*, 97 B.R. at 166; *Goldhaber*, 112 B.R. at 596. As the Court observed in *Keene*:

> Claims against officers and directors for breach of fiduciary duty, as well as claims against the knowing recipients of the fruits of their disloyalty, are property of the estate within the meaning of Section 541 of the Bankruptcy Code. The trustee, therefore, is the only person with standing to bring those claims, and absent their abandonment or relief from the automatic stay, the creditors are barred from asserting them.

8

*Keene*, 164 B.R. at 853-54; *see also BRS Assocs., L.P. v. Dansker*, 246 B.R. 755, 774 (S.D.N.Y. 2000) (dismissing suit by investors in, and creditors of, a bankrupt limited partnership to recover from the partnership's principals on claims of breach of fiduciary duty and fraudulent conveyance because the claims were identical to claims previously settled by bankruptcy trustee).

Given its ability to sue the Debtors' Principals for these claims, the Trustee also has the authority to settle those claims. In settling a claim that belongs to the estate, a court can approve a trustee's settlement agreement and issue an order to extinguish the settled claims. *See In re Mrs. Weinberg's Kosher Foods, Inc.*, 278 B.R. 358, 365 (Bankr. S.D.N.Y. 2002) (citing *Sobchack v. Am. Nat'l Bank & Trust Co. of Chi.* (*In re Ionosphere Clubs, Inc.*), 17 F.3d 600, 604 (2d Cir. 1994)). Additionally, "a bankruptcy court may enjoin actions that are derivative or duplicative of claims brought by the trustee, or that could have been brought by the trustee in the first instance." *In re Madoff*, 848 F. Supp. 2d at 488 (citing *In re Dreier LLP*, 429 B.R. 112, 133-34 (Bankr. S.D.N.Y. 2010) ("[T]he Court has the jurisdiction . . . to bar general creditors . . . from recovering their claims . . . where their claims are based on the debtors' misconduct, and there is no independent basis for an action against [a third party defendant] other than its receipt of the transfers from [the debtor]."); *In re Mrs. Weinberg's Kosher Foods*, 278 B.R. at 365 ("The settlement extinguishes the settled claims . . . and in approving it, the court may enjoin creditors from prosecuting the settled claims derivatively in another court.") (citing *In re Ionosphere Clubs*, 17 F.3d at 604, 607).

This result is confirmed by the obvious overlap in the allegations in the Pre-Petition Action and the Trustee Action. The Pre-Petition Plaintiffs allege that the sale to Wiesner was made while the Debtor was insolvent and not for fair consideration but was instead improperly motivated by the self-interest of the Debtor's Principals, who secured jobs with Wiesner. Pre-

9

Petition Compl. ¶¶ 79-82. The Trustee's amended complaint similarly seeks to avoid the transfer of the Debtor's property to Wiesner as a fraudulent conveyance and to recover that value for the benefit of all creditors. First Am. Compl. ¶ 1. Like the Pre-Petition Action, the Trustee's amended complaint alleges that the Debtor was insolvent and that the transaction with Wiesner was done to advance the personal gain of the Debtor's principals. *Id.* ¶¶ 23-26. Based on these similar factual allegations, both complaints include—among other things—claims for alter ego, fraudulent conveyance and breach of duty. While the Pre-Petition Plaintiffs' Objection states that all their claims are personal to them—and not derived from any right of claim of the Debtor's estate—the Pre-Petition Plaintiffs' short and conclusory opposition does not explain why this is the case. *See generally* Objection. Indeed, it is hard to see how this would be true given that the purported actions of the Debtors' principals robbed the estate of value and thus hurt all creditors.

At argument, the Pre-Petition Plaintiffs conceded that most of the counts of their complaint were precluded by the Trustee's settlement. They contended, however, that Counts 4 and 6 of their Pre-Petition Action were personal to them and thus not property of the estate. Count Four is a claim for unjust enrichment while Count Six is a claim for breach of duty and self-dealing. *See* Pre-Petition Compl. ¶¶ 110-115, 119-131. For the reasons stated above, both of these claims would be precluded to the extent that the alleged improper conduct damaged all creditors and was included in the Trustee's amended complaint. *See e.g.*, First Am. Compl. ¶¶ 55-59 (claim for unjust enrichment for any property of value transferred for the benefit of Debtors' Principals); ¶¶ 60-62 (claim for diversion/secretion of assets for any Debtor property transferred for benefit of Debtors' Principals); ¶¶ 45-54 (claims for breach of duty of care and loyalty based on alleged improper diversion of Debtor's assets to Debtors' Principals). Applying this principle, Count Six is barred. It alleges that the Debtor's Principals violated their duties in

10

the running of the Debtor, including the sale of Debtor's assets to Wiesner. *See* Pre-Petition Compl. ¶¶ 73, 119-31. As it alleges harm to the Debtor's estate, Count Six is general and subsumed in the Trustee's settlement. Simply put, the Pre-Petition Plaintiffs did not allegedly suffer any harm unique to them.

But Count Four is different. It alleges that the Pre-Petition Plaintiffs sold products to a third party, Rite-Aid, for which the Pre-Petition Plaintiffs were not paid. *See* Pre-Petition Compl. ¶¶ 60-72, 110-115. Under the terms of the relevant documents, the money to pay for these products should have been paid to Exim Bank of Bangladesh Limited as consignee, but was instead paid to the Debtors' Principals. *See id.* at ¶¶ 71-72. The Pre-Petition Plaintiffs have sued Rite Aid for payment. *See id.* ¶¶ 116-118 (Count Five seeking damages against Rite Aid). But they have also sued the Debtor's Principals in Count Four for unjust enrichment to recover the money paid by Rite-Aid. *See id.* ¶¶ 111-13.[3] As this claim is unique to the Pre-Petition Plaintiffs—rather than merely a harm shared by all creditors—it is not barred by the Trustee's settlement.

The Movants argue that the Pre-Petition Plaintiffs are barred from pursuing any of their claims based on the doctrine of collateral estoppel because the Pre-Petition Plaintiffs failed to heed the Court's instruction to file an S.T.N. motion to seek standing to prosecute the Pre-Petition Action and also failed to object to the Trustee's settlement with the Debtor's Principals. While the Court does not wish to reward a party for dilatory conduct, the fact is that the Trustee cannot settle claims that do not belong to the estate. So while it would have been preferable to address these issues at the hearing seeking approval of the Trustee's Settlement Agreement, that

---

[3] Paragraphs 127-128 of Count Six in the Pre-Petition Complaint briefly mention the funds allegedly owed directly by Rite-Aid to the Pre-Petition Plaintiffs. To the extent these two paragraphs assert an alternative theory for recovery of the funds at issue in Count Four, such a claim is preserved. The remainder of Count Six, however, is broader and deals with fiduciary claims relating to the sale of the Debtor's assets. These are properly the Trustee's claims to pursue and settle.

11

settlement cannot as a matter of law bar the Pre-Petition Plaintiffs from pursuing claims personal to them.

## CONCLUSION

For all the reasons set forth above, the Motion is granted in part and denied in part.

**IT IS SO ORDERED.**

Dated: New York, New York
July 5, 2016

*/s/ Sean H. Lane*
UNITED STATES BANKRUPTCY JUDGE